UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BERENICE DIEGO SEVILLA, et al.,

                                      :

             Plaintiffs,

                                      :                16 Civ. 2368 (AJP)

            -against-

                                      :              **OPINION & ORDER**

NEKASA INC., et al.,

                                      :

             Defendants.

                                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

         Plaintiffs prevailed at a bench trial on their FLSA and NYLL claims against defendants. (Dkt. No. 79.) Presently before the Court is plaintiffs' motion seeking attorneys' fees and costs in the amount of $20,344.90. (Dkt. No. 74.) Plaintiffs and the defendants that appeared in this action, Royal Impex, Inc. and Imran Farooq, consented to decision of the case by a Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 54.)[1/] For the reasons set forth below, plaintiffs' motion is <u>GRANTED</u> to the extent of awarding plaintiffs $11,644.44 in attorneys' fees and $400 in costs against Royal Impex and Imran Farooq.

## <u>FACTS</u>

         Plaintiffs initiated this FLSA and NYLL action on March 30, 2016. (Dkt. No. 1.) The Court held a bench trial on January 23, 2017. (Dkt. No. 70: 1/23/17 Trial Tr.) At trial, plaintiffs testified that they worked at one or more laundromat locations: AAA Laundromat, NYC Laundromat, 123 Laundromat, and A1 Laundromat. (Dkt. No. 79: Findings of Fact ("FF") ¶¶ 3, 6,

---

[1/]     Remaining defendants Nekasa, Inc. and 123 Laundromat Corp. are in default. (<u>See</u> Dkt. Nos. 59-60.) Without consent from the defaulted defendants under 28 U.S.C. § 636(c), the Court is required to rule by Report and Recommendation as to them. The Court will address the attorneys' fees as to the defaulted defendants separately.

15, 24, 37, 44, 60.)  During their employment, plaintiffs were not provided wage notices or paid minimum, overtime or spread of hours wages, in violation of the FLSA and NYLL.  (1/23/17 Trial Tr. at 102-06; Dkt. No. 79: Conclusions of Law ("CL") ¶¶ 27, 30, 44, 48.)  Defendant Farooq did not testify at trial.  (See 1/23/17 Trial Tr. at 97, 110.)

The Court found that the corporate defendants each owned one of the laundromats and consequently were liable for the FLSA and NYLL damages each plaintiff incurred at those respective locations.  (FF ¶ 3; 1/23/17 Trial Tr. at 104-05.)  The Court found that "AAA Laundromat is the DBA for Nekasa; that NYC Laundromat is the [DBA] for 5-126 Laundromat; 123 Laundromat is [DBA as] 123 Laundromat, Corp. [a]nd . . . Royal Impex is doing business as A1 Laundromat." (1/23/17 Trial Tr. at 104.)  The Court further found that defendant "Farooq by the unrebutted testimony of each of the six plaintiffs was in a managerial role with respect to all four of the laundromats and, therefore, under the Fair Labor Standards Act and New York [L]abor [L]aw he has personal liability with respect to the unpaid wage, overtime, penalties, etc. for all six plaintiffs regardless of which company they were working at."  (1/23/17 Trial Tr. at 104; see also FF ¶ 2.)[2] The Court adopted plaintiffs' proposed findings of fact and conclusions of law on March 13, 2017, with the additional finding "that Imran Farooq was the manager for all 3 laundromats, regardless of the corporate owner.  Thus, he is liable for all damages for all of the plaintiffs."  (Dkt. No. 79: 3/13/17 Memo Endorsed Order.)[3]

---

[2]   The seventh plaintiff, Juana Parra, was not listed on plaintiffs' witness list in the joint pretrial order and did not testify.  (Dkt. No. 64: JPTO at 7.)  The case is dismissed as to her.

[3]   The Court mistakenly referred to three, rather than four, laundromats, and accordingly amends its March 13, 2017 order to reflect the Court's findings and evidence presented at trial.  (1/23/17 Trial Tr. at 104-05; see id. at 6, 10, 17-18, 28, 37, 48-49, 51, 55, 65-66, 80, 82-83, 97-98.)

3

Plaintiffs filed the present motion for attorneys' fees and costs on March 10, 2017. (Dkt. No. 74.)

## ANALYSIS

## I.   PREVAILING PLAINTIFFS ARE ENTITLED TO ATTORNEYS' FEES AND COSTS UNDER THE FLSA AND NYLL

Under the FLSA and NYLL, a prevailing plaintiff is entitled to reasonable attorneys' fees and costs. 29 U.S.C. § 216(b); N.Y. Labor Law § 663(1); accord, e.g., Young v. Cooper Cameron Corp., 586 F.3d 201, 208 (2d Cir. 2009) ("The FLSA provides that a court 'shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.'"); Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 151 (2d Cir. 2008) ("In addition to providing for liquidated damages, the FLSA directs courts to award prevailing plaintiffs reasonable attorney's fees and costs."); Tate v. Levy Rest. Holdings, LLC, 150 F. Supp. 3d 245, 249 (E.D.N.Y. 2015); Echevarria v. Insight Med., P.C., 102 F. Supp. 3d 511, 514 (S.D.N.Y. 2015); Imbeault v. Rick's Cabaret Int'l Inc., 08 Civ. 5458, 2009 WL 2482134 at *1 (S.D.N.Y. Aug. 13, 2009) (Lynch, D.J.) ("Both the FLSA and the NYLL provide that a prevailing plaintiff may seek an award of reasonable attorneys' fees and costs, to be paid by the defendants.").[4/]

---

[4/]   See also, e.g., Garcia v. Jambox, Inc., 14 Civ. 3504, 2015 WL 2359502 at *2 (S.D.N.Y. Apr. 27, 2015) ("The FLSA and the NYLL grant prevailing plaintiffs their attorney's fees 'to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel.'" (quoting Aguilera v. Cookie Panache, 13 Civ. 6071, 2014 WL 2115143 at *2 (S.D.N.Y. May 20, 2014))); Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011) (Peck, M.J.) ("Under the FLSA and N.Y. Labor Law, a prevailing plaintiff is entitled to reasonable attorneys' fees and costs."); Kahlil v. Original Old Homestead Rest., Inc., 657 F. Supp. 2d 470, 473 (S.D.N.Y. 2009) ("In an action pursuant to the FLSA, a 'prevailing party' must be awarded reasonable attorneys' fees and costs . . . .   Likewise, the NYLL requires that '[i]n
(continued...)

4

## II.    LEGAL STANDARDS GOVERNING ATTORNEYS' FEE AWARDS

Traditionally, "[i]n determining a fee award, the typical starting point is the so-called lodestar amount, that is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Healey v. Leavitt, 485 F.3d 63, 71 (2d Cir. 2007) (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983)).[4/] Particularly in awarding statutory attorneys' fees, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward . . . ." Hensley v. Eckerhart, 461 U.S. at 434, 103 S. Ct. at 1940; see also, e.g., Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 186 (2d Cir. 2008) ("[T]he lodestar method involved two steps: (1) the lodestar calculation; and (2) adjustment of the lodestar based on case-specific considerations."); Lane Crawford LLC v. Kelex Trading (CA) Inc., 12 Civ. 9190, 2013 WL 6481354 at *6 (S.D.N.Y. Dec. 3, 2013) (Peck, M.J.), R. & R. adopted, 12 Civ. 9190, 2014 WL 1338065 (S.D.N.Y. Apr. 3, 2014).

In 2010, the Supreme Court revisited the issue of attorneys' fees and approved of the "lodestar" approach over the more discretionary approach of Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), holding:

Although the lodestar method is not perfect, it has several important virtues. First, in accordance with our understanding of the aim of fee-shifting statutes, the lodestar looks to "the prevailing market rates in the relevant community." Developed after the practice of hourly billing had become widespread, the lodestar

---

[4/]    (...continued)
any action . . . in which the employee prevails, the court shall allow such employee reasonable attorney's fees . . . .'" (citations omitted)).

[5/]    The Second Circuit requires contemporaneous time records as a prerequisite for awarding attorneys' fees. E.g., N.Y.S. Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147 (2d Cir. 1983).

method produces an award that <u>roughly</u> approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case.  Second, the lodestar method is readily administrable, and unlike the <u>Johnson</u> approach, the lodestar calculation is "objective," and thus cabins the discretion of trial judges, permits meaningful judicial review, and produces reasonably predictable results.

III

Our prior decisions concerning the federal fee-shifting statutes have established six important rules that lead to our decision in this case.

First, a "reasonable" fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case. . . .

Second, the lodestar method yields a fee that is presumptively sufficient to achieve this objective.  Indeed, we have said that the presumption is a "strong" one.

Third, although we have never sustained an enhancement of a lodestar amount for performance, we have repeatedly said that enhancements may be awarded in "'rare'" and "'exceptional'" circumstances.

Fourth, we have noted that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee," and have held that an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation.  We have thus held that the novelty and complexity of a case generally may not be used as a ground for an enhancement because these factors "presumably [are] fully reflected in the number of billable hours recorded by counsel."  We have also held that the quality of an attorney's performance generally should not be used to adjust the lodestar "[b]ecause considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate."

Fifth, the burden of proving that an enhancement is necessary must be borne by the fee applicant.

Finally, a fee applicant seeking an enhancement must produce "specific evidence" that supports the award.  This requirement is essential if the lodestar method is to realize one of its chief virtues, <u>i.e.</u>, providing a calculation that is objective and capable of being reviewed on appeal.

<u>Perdue</u> v. <u>Kenny A.</u>, 559 U.S. 542, 551-53, 130 S. Ct. 1662, 1672-73 (2010) (citations omitted).<u>6/</u>

---

<u>6/</u>     Although the Supreme Court's <u>Perdue</u> opinion appeared to cast doubt on the viability of the
(continued...)

As the fee applicants, plaintiffs "bear the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." General Elec. Co. v. Compagnie Euralair, S.A., 96 Civ. 0884, 1997 WL 397627 at *4 (S.D.N.Y. July 3, 1997) (Scheindlin, D.J. & Peck, M.J.).[7]

## A.    Reasonable Hourly Rates For FLSA Litigators

"Courts in this District have determined in recent cases that the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450." Gurung v. Malhotra, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012); see, e.g., Long v. HSBC USA Inc., 14 Civ. 6233, 2016 WL 4764939 at *10 (S.D.N.Y. Sept. 13, 2016) ("Although courts in this district have

---

[6]    (...continued)
Second Circuit's 2008 opinion in Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d at 190, which relied on, among other factors, the Johnson factors, Arbor Hill remains the standard in this Circuit. See, e.g., Hui Luo v. L & S Acupuncture, P.C., No. 15-1892-CV, 2016 WL 2848646 at *2 (2d Cir. May 16, 2016); Gortat v. Capala Bros., Inc., 621 F. App'x 19, 22 (2d Cir. 2015) (reviewing attorneys' fee award under Arbor Hill and Johnson factors); K.L. v. Warwick Valley Cent. Sch. Dist., 584 F. App'x 17, 18 (2d Cir. 2014) ("In determining an appropriate hourly rate, 'the district court should consider, among others, the Johnson factors.'" (quoting Arbor Hill)); Torres v. Gristede's Operating Corp., 519 F. App'x 1, 3-4 (2d Cir. 2013). In any event, the result would not differ here under either approach.

[7]    Accord, e.g., Charles v. City of N.Y., 13 Civ. 3547, 2014 WL 4384155 at *3 (S.D.N.Y. Sept. 4, 2014); Boutros v. JTC Painting & Decorating Corp., 12 Civ. 7576, 2014 WL 3925281 at *4 (S.D.N.Y. Aug. 8, 2014); Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011) (Peck, M.J.); N.Y. City Dist. Council of Carpenters v. Rock-It Contracting, Inc., 09 Civ. 9479, 2010 WL 1140720 at *2 (S.D.N.Y. Mar. 26, 2010) (Peck, M.J.), R. & R. adopted, 2010 WL 1558568 (S.D.N.Y. Apr. 19, 2010); Cablevision Sys. N.Y.C. Corp. v. Torres, 02 Civ. 7602, 2003 WL 22078938 at *5 (S.D.N.Y. Sept. 9, 2003) (Peck, M.J.); Sowemimo v. D.A.O.R. Sec., Inc., 97 Civ. 1083, 2000 WL 890229 at *3 (S.D.N.Y. June 30, 2000), aff'd, 1 F. App'x 82 (2d Cir. 2001); Lavin-McEleney v. Marist Coll., 96 Civ. 4081, 1999 WL 33500070 at *3 (S.D.N.Y. Sep. 28, 1999), aff'd, 239 F.3d 476 (2d Cir. 2001); N.S.N. Int'l Indus. N.V. v. E. I. DuPont de Nemours & Co., 89 Civ. 1692, 1996 WL 154182 at *2 (S.D.N.Y. Apr. 3, 1996) (Peck, M.J.); see, e.g., Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S. Ct. 1933, 1941 (1983).

occasionally awarded hourly rates of $550 and $600 to experienced senior litigators, FLSA litigators are rarely awarded over $450 per hour."); Xochimitl v. Pita Grill of Hell's Kitchen, Inc, 14 Civ. 10234, 2016 WL 4704917 at *20 (S.D.N.Y. Sept. 8, 2016), R. & R. adopted, 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016); Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 514 (S.D.N.Y. 2011) (Peck, M.J.) (approving partner's $450 hourly rate as "consistent with rates awarded by the courts in other FLSA or similar statutory fee cases." (citing cases)).

1.      **Plaintiffs' Counsel's Hourly Rates Are Excessive**

Plaintiffs billed $18,157.50 for 55.85 hours worked by two attorneys, partner Michael Faillace and associate Shawn Clark, and one paralegal, Humberto Alvarez. (Dkt. No. 75: Clark Aff. Ex. A: Time Sheet; Dkt. No. 76: Pl. Br. at 3-5.) The billing records reflect an hourly rate of $150 for paralegal work (Time Sheet at 1-2), but plaintiffs only seek $100 per hour for Alvarez (Pl. Br. at 5); the total fee request before further reductions thus is $17,307.50.[8/]

Faillace graduated law school in 1983 and is a partner at Faillace & Associates, P.C. with ten years of employment litigation experience in federal courts. (Pl. Br. at 3-4.) Faillace requests an hourly rate of $450. (Id. at 3.) Clark graduated law school in 2010 and is a litigation associate at Faillace & Associates. (Id. at 4.) In 2010 before joining the firm, Clark was awarded a fellowship and

> worked in the Legal Bureau of NYPD under the direct supervision of the NYPD's chief legal officer, where he advised police executives on a variety of criminal and employment law issues. In the remaining years of the fellowship Attorney Clark was assigned to the Special Federal Litigation Division of the New York City Law Department, where he was responsible for defending Section 1983 litigation brought against police, district attorney and correction defendants in the Southern and Eastern Districts of New York. His responsibilities involved all aspects of case management from responsive pleadings to trial, including serving and responding to paper

---

[8/]      Alvarez billed 17 hours, for a reduction of $850.

8

discovery, depositions, and motion practice.  Since joining Michael Faillace & Associates, P.C. in February 2014, Attorney Clark has been responsible for all aspects of the firm's employment docket in federal court, including lead responsibility on multiple individual, collective, and class action litigations under the FLSA.

(Id. at 4-5.)  Clark requests an hourly rate of $375.  (Id. at 4.)

Alvarez graduated college in May 2015 and has been a paralegal at Faillace & Associates since September 2015.  (Id. at  5.)  Alvarez requests an hourly rate of $100.  (Id.)

### a.  Faillace

Defendants argue that Faillace's requested hourly rate of $450 is excessive, and that he instead "commands a billing rate of $400-425 per hour in this Court."  (Dkt. No. 82: Defs. Br. at 4-5, citing cases.)  The Court agrees with defendants that recent cases, including a decision of this Court, usually award Faillace between $400 and $425 per hour.[9]  The most recent decision awarding Faillace $450 per hour was a complex case, in contrast to this litigation.  See Najera v. 144 Ninth Gotham Pizza, Inc., 12 Civ. 3133, 2017 WL 728703 at *2 (S.D.N.Y. Feb. 24, 2017) ("Given the complexity of this litigation and the favorable results obtained, the plaintiffs' proposal of $450 [per

---

[9]    See, e.g., Hernandez v. JRPAC Inc., 14 Civ. 4176, 2017 WL 66325 at *2-3 (S.D.N.Y. Jan. 6, 2017) (reducing Faillace's request for $450 per hour to $400, observing that "the case law commonly approves hourly rates of $300-$400 for partners in FLSA cases"); Xochimitl v. Pita Grill of Hell's Kitchen, Inc., 14 Civ. 10234, 2016 WL 4704917 at *20 (S.D.N.Y. Sept. 8, 2016) ("Several courts in this District have recently awarded attorneys' fees at lower rates for . . . Faillace . . . in cases that are 'relatively simple because the defendants defaulted.' 'While there is no doubt that Faillace is highly experienced, given the relative simplicity of this case, the Court finds it appropriate to reduce Faillace's requested rate [of $450 per hour] to $425 an hour' in this case." (citations omitted)), R. & R. adopted, 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016); Andrade v. 168 First Ave Rest. Ltd., 14 Civ. 8268, 2016 WL 3141567 at *11 (S.D.N.Y. June 3, 2016) (Peck, M.J.) ("Courts in this Circuit recently have found $425 per hour to be a reasonable rate for Mr. Faillace's services . . . .  This Court agrees that those rates are more appropriate, and will reduce the amount[ ] claimed [of $450 per hour] to $425 per hour for Mr. Faillace . . . ." (citations omitted)), R. & R. adopted, 2016 WL 3948101 (S.D.N.Y. July 19, 2016) (Oetken, D.J.).

hour for Faillace] is reasonable.  This litigation was not straightforward.  It involved four separate lawsuits that were later consolidated, twenty-two plaintiffs, and two jury trials over more than four years.  The plaintiffs ultimately prevailed on multiple claims, resulting in judgments totaling over $1.5 million.").  Therefore, the Court agrees that these lower rates are more appropriate, and reduces Faillace's requested hourly rate of $450 to $425.  This reduces the fee request to $16,961.25.  (13.85 hours times $25 is a $346.25 reduction.)

### b.    Clark

Defendants argue that Clark's requested hourly rate of $375 is excessive because he only joined Faillace & Associates in February 2014, and his prior "three years of legal practice were in areas having nothing to do with FLSA/NYLL litigation."  (Dkt. No. 82: Defs. Br. at 3; see pages 7-8 above.)  Recent cases reduced Clark's hourly rate from $375 to between $200 and $250.[10]  These rates are consistent with those awarded to other attorneys of Clark's experience.  See, e.g., Siegel v. Bloomberg L.P., 13 Civ. 1351, 2016 WL 1211849 at *5-6 (S.D.N.Y. Mar. 22, 2016) (awarding $275 per hour to attorney with six years of experience); Guaman v. J & C Top Fashion, Inc., 14 Civ. 8143, 2016 WL 791230 at *10 (S.D.N.Y. Feb. 22, 2016) (awarding $275 per hour to attorney with "less than 9 years of practice"), R. & R. adopted, 2017 WL 111737 (S.D.N.Y. Jan. 11, 2017); Black

---

[10]    See, e.g., Hernandez v. JRPAC Inc., 14 Civ. 4176, 2017 WL 66325 at *3 (S.D.N.Y. Jan. 6, 2017) ("As to Mr. Clark . . ., the Court finds the $375 per hour rate that plaintiffs propose to use higher than the case law supports. . . .  The Court will therefore use $250 per hour as the reasonable rate to apply to . . . Mr. Clark's work."); Quiroz v. Luigi's Dolceria, Inc., No. 14-CV-871, 2016 WL 6311868 at *3-4 (E.D.N.Y. Oct. 28, 2016) (reducing Clark's requested rate of $375 to $200 after observing that "Clark had been at the [Faillace] firm handling employment matters for only a year or so" when he worked on the case, which "was as straightforward as any that have come before the court, requiring very little legal or factual analysis and presenting no unique or unusual legal issues"); Marquez v. Erenler, Inc., 12 Civ. 8580, 2014 WL 5847441 at *2-3 (S.D.N.Y. Nov. 10, 2014) (reducing Clark's requested rate of $375 to $200, stating "[i]n cases similar to this one, courts award a rate of $200 per hour for associates with three to four years of experience—like Mr. Clark . . . .").

10

v. Nunwood, Inc., 13 Civ. 7207, 2015 WL 1958917 at *6 (S.D.N.Y. Apr. 30, 2015) ("[C]ourts in this district have found that $300 is an appropriate hourly rate for a senior associate with at least eight years' experience."); Yuquilema v. Manhattan's Hero Corp., 13 Civ. 461, 2014 WL 4207106 at *14 (S.D.N.Y. Aug. 20, 2014) (reducing rate from $400 to $300 for Faillace firm associate with nine years' experience), R. & R. adopted, 2014 WL 5039428 (S.D.N.Y. Sept. 30, 2014).[11/]

Clark has worked at Faillace & Associates for only three years.  (See pages 7-8 above.)  Clark's prior experience litigating § 1983 claims in federal court is not completely irrelevant to his hourly rate simply because, as defendants contend, it was in an area other than employment law.  Indeed, the Court observed Clark during trial (at which his clients prevailed) and found that he ably represented the plaintiffs.  Considering the above cases, along with Clark's experience and the Court's firsthand observation at trial, the Court awards Clark $250 per hour.  This further reduces the fee request to $13,836.25.  (25 hours times $125 is a $3,125 reduction.)

### c.     Alvarez

Defendants did not object to Alvarez's hourly paralegal billing rate of $100, and the Court finds it reasonable and consistent with rates in this District.  See, e.g., Long v. HSBC USA INC., 14 Civ. 6233, 2016 WL 4764939 at *11 (S.D.N.Y. Sept. 13, 2016) ("As to the requested fees for paralegal work, in recent FLSA actions, hourly rates between $100 and $150 for paralegal work have been found to be reasonable and counsel do not cite any contrary authority."); In re Doria/Memon Disc. Stores Wage & Hour Litig., 14 Civ. 7990, 2016 WL 3963170 at *2 (S.D.N.Y.

---

[11/]     However, like Faillace, Clark was awarded his requested rate in Najera v. 144 Ninth Gotham Pizza, Inc., 12 Civ. 3133, 2017 WL 728703 at *2 (S.D.N.Y. Feb. 24, 2017).  Judge Cote held that "$375 [per hour] for Shawn Clark . . . fall[s] on the higher end of the spectrum in this district, but [is] reasonable given the complexity of this litigation and the favorable results obtained."  Id.

July 22, 2016) ($125); Cortes v. New Creators, Inc., 15 Civ. 5680, 2016 WL 3455383 at *7 (S.D.N.Y. June 20, 2016) ($125).  The Court awards Alvarez his requested rate of $100 per hour.

### B.    Legal Standards Regarding Time Reasonably Expended

In determining whether the amount of hours billed is reasonable, "the court takes account of claimed hours that it views as 'excessive, redundant, or otherwise unnecessary.'"  Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40 (1983)).[12]  "In so doing, 'the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties.'"  Bliven v. Hunt, 579 F.3d at 213.[13]  "The critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'"  Cesario v. BNI Constr., Inc., 07 Civ. 8545, 2008 WL 5210209 at *7 (S.D.N.Y. Dec. 15, 2008) (quoting Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992), cert. denied, 506 U.S. 1053, 113 S. Ct. 978 (1993)), R. & R. adopted, 2009 WL 424136 (S.D.N.Y. Feb. 19, 2009); see, e.g., Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 111 (2d Cir. 2012) ("In assessing the reasonableness of attorney's fees, a court looks to the amount of time spent as reflected in contemporaneous time records, and then decides how much of that time was 'reasonably expended.'  If the district court finds that some of the time was not reasonably

---

[12]    Accord, e.g., Sheet Metal Workers' Nat'l Pension Fund v. Coverex Corp. Risk Sols., No. 09-CV-121, 2015 WL 3444896 at *12 (E.D.N.Y. May 28, 2015); Abdell v. City of N.Y., 05 Civ. 8453, 2015 WL 898974 at *2 (S.D.N.Y. Mar. 2, 2015); Deng v. 278 Gramercy Park Grp. LLC, 12 Civ. 7803, 2014 WL 1016853 at *12 (S.D.N.Y. Mar. 14, 2014), R. & R. adopted, 2014 WL 4996255 (S.D.N.Y. Oct. 7, 2014).

[13]    Accord, e.g., Abdell v. City of N.Y., 2015 WL 898974 at *2.

necessary to the outcome of the litigation, it should reduce the time for which compensation is awarded accordingly." (citation omitted)).[14]

Plaintiffs cannot recover for time spent by attorneys completing administrative tasks. See, e.g., Sheet Metal Workers' Nat'l Pension Fund v. Coverex Corp. Risk Sols., 2015 WL 344896 at *13; DeMarco v. Ben Krupinksi Gen. Contractor, Inc., No. 12-CV-0573, 2014 WL 3696020 at *9 (E.D.N.Y. July 22, 2014); Lane Crawford LLC v. Kelex Trading (CA) Inc., 12 Civ. 9190, 2013 WL 6481354 at *8 (S.D.N.Y. Dec. 3, 2013) (Peck, M.J.), R. & R. adopted, 2014 WL 1338065 (S.D.N.Y. Apr. 3, 2014); E.S. v. Katonah-Lewisboro Sch. Dist., 796 F. Supp. 2d 421, 431 (S.D.N.Y. 2011) ("A court may make [across-the-board percentage] reductions when attorneys engage in less skilled work, like filing and other administrative tasks [such as] . . . faxing and mailing documents, making copies, filing, scanning, preparing documents for electronic filing, electronic file management, binding documents, and Bates stamping."), aff'd, 487 F. App'x 619 (2d Cir. 2012).[15]

Second, case law also makes clear that the Court may reduce the fees requested for billing entries that are vague and do not sufficiently demonstrate what counsel did. See, e.g., Sheet

---

[14] See also, e.g., Deng v. 278 Gramercy Park Grp. LLC, 2014 WL 1016853 at *12.

[15] See also, e.g., Lucerne Textiles, Inc. v. H.C.T. Textiles Co., 12 Civ. 5456, 2013 WL 174226 at *7 (S.D.N.Y. Jan. 17, 2013) (Peck, M.J.), R. & R. adopted, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013); Short v. Manhattan Apartments, Inc., 286 F.R.D. 248, 255 (S.D.N.Y. 2012); Ryan v. Allied Interstate, Inc., 882 F. Supp. 2d 628, 636 (S.D.N.Y. 2012) (Peck, M.J.); All-Star Mktg. Grp., LLC v. Media Brands Co., 775 F. Supp. 2d 613, 629 (S.D.N.Y. 2011) (Berman, D.J. & Peck, M.J.) (reducing fees where entries "reflect work done at an attorney rate that could and should have been done by a paralegal or secretary"); Nat'l Audubon Soc'y, Inc. v. Sonopia Corp., 09 Civ. 0975, 2010 WL 3911261 at *5 (S.D.N.Y. Sept. 1, 2010) ("[A]dditional set-offs are necessary to account for the time spent on such less-skilled work [such as] . . . completion of the civil cover sheet, review of ECF procedures, and meeting with court clerks to discuss order to show cause and default judgment procedures."), R. & R. adopted, 2010 WL 5373900 (S.D.N.Y. Dec. 22, 2010); Tucker v. City of N.Y., 704 F. Supp. 2d 347, 356 (S.D.N.Y. 2010).

Metal Workers' Nat'l Pension Fund v. Coverex Corp. Risk Sols., 2015 WL 344896 at *12; Lane Crawford LLC v. Kelex Trading (CA) Inc., 2013 WL 6481354 at *8; Lucerne Textiles, Inc. v. H.C.T. Textiles Co., 2013 WL 174226 at *8, *10 & n.19; VFS Fin., Inc. v. Pioneer Aviation, LLC, 08 Civ. 7655, 2009 WL 2447751 at *5 (S.D.N.Y. Aug. 11, 2009) (Peck, M.J.) ("Having reviewed [plaintiff's] attorneys' time sheets, the Court believes that a number of [plaintiff's] attorneys' billing entries are overly vague or duplicative, and that a percentage fee reduction therefore is appropriate."); J.S. Nicol, Inc. v. Peking Handicraft, Inc., 03 Civ. 1548, 2008 WL 4613752 at *4 (S.D.N.Y. Oct. 17, 2008) (Peck, M.J.) ("A time entry is vague if it lacks sufficient specificity for the Court to assess the reasonableness of the amount charged in relation to the work performed. Where billing records are vague, a [percentage] reduction in fees is . . . appropriate." (citations, quotations & fn. omitted)).[16]

        Third, a reduction is warranted where the hours billed are disproportionate to the quantity or quality of the attorneys' work. See, e.g., Lane Crawford LLC v. Kelex Trading (CA) Inc., 2013 WL 6481354 at *9; Lucerne Textiles, Inc. v. H.C.T. Textiles Co., 2013 WL 174226 at *8, *10; Harris v. Fairweather, 11 Civ. 2152, 2012 WL 3956801 at *8 (S.D.N.Y. Sept. 10, 2012) (Peck, M.J.) ("In determining the reasonableness of the requested attorneys' fees, the Court considers

---

[16]    See also, e.g., Prince of Peace Enter., Inc. v. Top Quality Food Mkt. LLC, 07 Civ. 349, 2014 WL 793084 at *7 (S.D.N.Y. Feb. 28, 2014), R. & R. adopted in relevant part, 2015 WL 456645 (S.D.N.Y. Feb. 3, 2015); Short v. Manhattan Apartments, Inc., 286 F.R.D. at 255 ("A court may reduce requested fees if the attorneys' documentation of their hours is vague . . . ."); Ryan v. Allied Interstate, Inc., 882 F. Supp. 2d at 636; Carrasco v. W. Vill. Ritz Corp., 11 Civ. 7843, 2012 WL 2814112 at *7 (S.D.N.Y. July 11, 2012) (Peck, M.J.) (reducing attorney's hours where "some of the billing entries are vague and the time spent excessive"), R. & R. adopted, 2012 WL 3822238 (S.D.N.Y. Sept. 4, 2012); Gordon v. Site 16/17 Dev., LLC, 11 Civ. 0427, 2011 WL 3251520 at *5 (S.D.N.Y. July 28, 2011) (Peck, M.J.) ("When time records reflect vague and duplicative entries, and entries for attorneys performing ministerial tasks, the Court may order a reduction in attorneys' fees." (citing cases)).

the quality of the work done by the attorneys. . . .  In light of the mediocre attorney performance, the vague billing entries and excessive time spent on certain tasks, the Court should reduce the total attorneys' fees . . . ." (citing cases)), R. & R. adopted, 2012 WL 5199250 (S.D.N.Y. Oct. 19, 2012); Rolex Watch, U.S.A., Inc. v. Pharel, No. 09 CV 4810, 2011 WL 1131401 at *7 (E.D.N.Y. Mar. 11, 2011) (reduction warranted where brief "did not contain particularly complicated analyses" and omitted certain arguments entirely), R. & R. adopted, 2011 WL 1130457 (E.D.N.Y. Mar. 28, 2011); Gesualdi v. Cirillo, No. 09-CV-4570, 2011 WL 666196 at *5 (E.D.N.Y. Jan. 3, 2011) (reduction warranted where "the 26.1 total hours billed on this matter do not reflect the quality of work submitted to the Court"), R. & R. adopted, 2011 WL 666197 (E.D.N.Y. Feb. 14, 2011).[17/]

## C.   Some Of Plaintiffs' Counsel's Billing Entries Are Unreasonable

Defendants argue that "Mr. Faillace's firm, which exclusively specializes in this area of the law, could have easily assigned the drafting, finalizing, and filing of this complaint to a more junior attorney, rather than billing top dollar for eight hours" on "a standard FLSA/NYLL complaint." (Dkt. No. 82: Defs. Br. at 2; see Dkt. No. 75: Clark Aff. Ex. A: Time Sheet at 1:

---

[17/]   See also, e.g., Deng v. 278 Gramercy Park Grp. LLC, 2014 WL 1016853 at *20-21 (reduction warranted for, inter alia, disproportionate time spent on one plaintiff's claims although they were the same as the other plaintiff's claims, overstaffing, duplicative work, and failure to submit any documentation to support fees for time spent preparing "a memorandum that is remarkably devoid of law"); Truong v. N.Y. Hotel & Motel Trades Council, AFL-CIO, 07 Civ. 11383, 2011 WL 147689 at *3 (S.D.N.Y. Jan. 12, 2011) ("The Court is unclear as to why this document, presumptively a standard form order, took up 8.75 hours of an associate[']s time.  Thus the Court reduces [counsel's] billables . . . ."); OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc., 09 Civ. 8665, 2010 WL 5538552 at *5 (S.D.N.Y. Dec. 6, 2010) (reduction warranted where "attorneys spent a total of 7.6 hours on the drafting of a cease-and-desist letter and related activities" and excessive time was spent drafting a "nearly identical" document that "appears to be boilerplate"), R. & R. adopted, 2011 WL 43459 (S.D.N.Y. Jan. 5, 2011); Microsoft Corp. v. Computer Care Ctr., Inc., No. 06-CV-1429, 2008 WL 4179653 at *16 (E.D.N.Y. Sept. 10, 2008) (reducing fees where attorney "spent an excessive amount of time [1.9 hours, or $950] composing a two-page letter to the Court requesting an extension of the discovery deadline").

15

3/25/16 & 3/30/16 Entries.)  Defendants further argue that a vague billing entry titled "Research" should be reduced.  (Defs. Br. at 2; see Time Sheet at 1: 2/24/16 Entry.)  Regardless of the division of labor, the Court finds that eight hours spent on a routine FLSA/NYLL complaint is excessive, particularly for a law firm that routinely handles such cases.  See, e.g., Xochimitl v. Pita Grill of Hell's Kitchen, Inc., 14 Civ. 10234, 2016 WL 4704917 at *21 (S.D.N.Y. Sept. 8, 2016) ("Several courts in this District have noted the boilerplate nature of the papers used by Faillace's firm and have reduced or excluded fees sought for hours purportedly spent drafting, finalizing, and filing the complaint." (citing cases)), R. & R. adopted, 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016).  The Court also notes that all of Clark's time entries are for hours (e.g., Time Sheet: 6/27/16, 1.00 hour; 12/16/16, 2.00 hours; 1/19/17, 5.00 hours), suggesting inexact timekeeping.  For all of these reasons, a five percent fee reduction is appropriate, bringing the fee total to $13,144.44.

Farooq and Royal Impex "object to being charged for matters exclusively related to the defaulting Defendants in this case." (Defs. Br. at 1.)  "'Where there are multiple defendants, each defendant must bear the prevailing plaintiff's fees for time spent on matters clearly related to the claims made against that defendant.'"  Bumble & Bumble, LLC v. Pro's Choice Beauty Care, Inc., 14 Civ. 6911, 2016 WL 658310 at *9 (S.D.N.Y. Feb. 17, 2016), R. & R. adopted, 2016 WL 1717215 (S.D.N.Y. Apr. 27, 2016).[18]  Plaintiffs cannot charge the appearing defendants for time spent on matters unrelated to those defendants.  The two billing entries defendants cite, titled "Preparation

---

[18]   See also, e.g., Schalaudek v. Chateau 20th St. LLC, 16 Civ. 11, 2017 WL 729544 at *13 (S.D.N.Y. Feb. 24, 2017); Xochimitl v. Pita Grill of Hell's Kitchen, Inc., 2016 WL 4704917 at *21; Laboratorios Rivas, SRL v. Ugly & Beauty, Inc., 11 Civ. 5980, 2013 WL 5977440 at *15 (S.D.N.Y. Nov. 12, 2013) (same), R. & R. adopted, 2014 WL 112397 (S.D.N.Y. Jan. 8, 2014); Lucerne Textiles, Inc. v. H.C.T. Textiles Co., 12 Civ 5456, 2013 WL 174226 at *9 (S.D.N.Y. Jan. 17, 2013) (Peck, M.J.), R. & R. adopted, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013); Colon v. City of N.Y., Nos. 09 CV 0008, 09 CV 0009, 2012 WL 691544 at *22 (E.D.N.Y. Feb. 9, 2012), R. & R. adopted, 2012 WL 686878 (E.D.N.Y. Mar. 2, 2012).

re Default" (3.00 hours) and "Finalized Default" (3.00 hours), reflect work that relates solely to the defaulted defendants.  (Time Sheet at 1-2: 1/9/17 & 1/12/17 Entries; Defs. Br. at 1-2.)  As to these entries, the Court finds that Farooq and Royal Impex are not liable for the hours expended.  They therefore are entitled to a further reduction of $1,500, representing six hours of Clark's time (at $250 per hour) billed on matters solely related to the defaulted defendants.  Thus, defendants Farooq and Royal Impex are liable for $11,644.44 in attorneys' fees.

### D.    Plaintiffs Are Entitled To Their Documented Costs

Plaintiffs' seek $2,187.40 in costs for the filing, service, transcript and interpreter fees incurred prosecuting this action.  (Dkt. No. 75: Clark Aff. Ex. A: Time Sheet at 2.)  Counsel's request for costs is not supported by any documentation, just a list of expenditures.  (See id.)  The Court takes judicial notice of the Court filing fee of $400.  This Court repeatedly has refused to award costs absent supporting documentation.  E.g., Li v. Iron Sushi, 15 Civ. 7554, 2017 WL 892611 at *17 (S.D.N.Y. Mar. 7, 2017) (Peck, M.J.); Baltierra v. Advantage Pest Control Co., 14 Civ. 5917, 2015 WL 5474093 at *12 (S.D.N.Y. Sept. 18, 2015) (Peck, M.J.); Carrasco v. W. Village Ritz Corp., 11 Civ. 7843, 2012 WL 2814112 at *7 (S.D.N.Y. July 11, 2012) (Peck, M.J.), R. & R. adopted, 2012 WL 3822238 (S.D.N.Y. Sept. 4, 2012); Fu v. Pop Art Int'l Inc., 10 Civ. 8562, 2011 WL 4552436 at *5 (S.D.N.Y. Sept. 19, 2011) (Peck, M.J.), R. & R. adopted as modified on other grounds, 2011 WL 6092309 (S.D.N.Y. Dec. 7, 2011).  Accordingly, in the absence of supporting documentation for other costs, plaintiffs are awarded only $400 in costs against Royal Impex and Farooq.

## <u>CONCLUSION</u>

For the reasons discussed above, plaintiffs' motion for attorneys' fees (Dkt. No. 74) is <u>GRANTED</u> to the extent of awarding plaintiffs $11,644.44 in attorneys' fees and $400 in costs against defendants Royal Impex and Imran Farooq.

SO ORDERED.

Dated:      New York, New York
             March 30, 2017

                                                            **Andrew J. Peck**
                                                          United States Magistrate Judge

Copies ECF to:      All Counsel